UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610<br><br>Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Ave. NW, Washington, D.C. 20006<br><br>*Defendant* | CIVIL ACTION NO. 18-2219<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT & STATEMENT OF FACTS

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the U.S. Environmental Protection Agency, ("EPA" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA appeal.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. In January 2018, then-U.S. Environmental Protection Agency (EPA) Administrator Scott Pruitt told a Senate panel he believed a draft version of a health assessment EPA scientists compiled about the harms of formaldehyde vapor inhalation in day-to-day life as part of the EPA Integrated Risk Information System ("IRIS") process had been completed but acknowledged it was "being held up."

4. On July 9, 2018, Plaintiff submitted a FOIA request to Defendant, attached as <u>Exhibit A</u>. This request sought (1) Any versions of the aforementioned draft health assessment EPA prepared between January 1, 2015 to present, regarding the possible carcinogenic or other health harms of day-to-day formaldehyde vapor inhalation; (2) Any communications to or from former Administrator Scott Pruitt, Deputy Administrator Andrew Wheeler, and/or the Office of the Administrator during Mr. Pruitt's tenure up until present day to any party outside EPA concerning any draft versions of any health assessment the EPA has worked on regarding the harms of formaldehyde vapor inhalation; (3) Any records related to the January 24, 2018 meeting between EPA officials and the American Chemistry Council's Formaldehyde Panel; (4) Any communications to or from Kimberly Wise White, currently on the EPA's Science Advisory Board, regarding any health assessment of formaldehyde vapor inhalation, as well as any communications between Kimberly Wise White and the EPA during her time as the leader of the American Chemistry Council's Formaldehyde Panel regarding same; and (5) Any recommendations or requests to EPA from non-EPA employees or contractors about the release or delay of aforementioned health assessment by any outside party during the period from January 1, 2017 to the present day. The request specified the inclusion of any records of communications, such as personal emails, text messages, and other messaging, whether contained on or outside the EPA server and requested an index of any documents or portions of documents withheld under a specific exemption from release pursuant to <u>Vaughn v. Rosen,</u> 484 F.2d 820 (D.C. Cir. 1973.

5. On August 22, 2018, EPA responded to PEER's request via email, attached as <u>Exhibit B</u>. This email stated that the request, identified by EPA as FOIA Request No. EPA-HQ-

2018-009393, as submitted, unclear as to its third, fourth and fifth requests. With regards to those requests, respectively, Defendant asked:

    a. Which "EPA Officials" are you referencing regarding the January 2018 meeting with the American Chemistry Council?

    b. Which EPA staff or within which organizations/areas of EPA are you referencing in the communications with Kimberly Wise White?

    c. Which EPA staff or within which organizations/areas of the agency are you referring to with regard to recommendations/requests being made to?

6. EPA notified Plaintiff in its letter seeking clarification that until a response was received, it considered the request "tolled," and that if PEER did not respond within 10 days the request would be considered withdrawn. No response was made to PEER's fee waiver request.

7. On August 24, 2018, PEER responded to EPA's request for clarification by email, making the following clarifications:

> The first clarification asks "which 'EPA Officials' are you referencing regarding the January 2018 meeting with the American Chemistry Council?" The original FOIA request was for "Any records related to the January 24, 2018 meeting between EPA Officials and the American Chemistry Council's Formaldehyde Panel." The EPA Officials we are referencing are any EPA officials present in that meeting;

> The second clarification, concerning "which EPA staff or within which organizations/areas of EPA are you referencing in the communications with Kimberly Wise White," is all political appointees and staff within the Office of the Administrator;

> The third clarification, concerning "which EPA staff or within which organizations/areas of the agency are you referring to with regard to recommendations/requests being made to" is also all political appointees and staff within the Office of the Administrator.

8. EPA replied on August 27, 2018, stating that the request had been reassigned to the Office of the Administrator, as it had been initially assigned to the Office of Research and Development ("ORD").

9. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

10. The FOIA requires agencies to make a determination on a FOIA appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(ii). Agencies may extend this twenty-day time period only upon written notice of "unusual circumstances," and then for no longer than ten days.  5 U.S.C. § 552(a)(6)(B).

11. To date, Defendant has not indicated that any "unusual circumstances" existed in regard to this FOIA request.

12. To date, Defendant has failed to make a determination on, or produce any documents in response to, Plaintiff's July 9, 2018 FOIA request, Case Number EPA-HQ-2018-009393.

13. Defendant's conduct amounts to a denial of Plaintiff's FOIA request.  EPA is frustrating Plaintiff's efforts to educate the public about how and to what extent the chemical industry and EPA political appointees are influencing consideration of impartial scientific evidence about the safety of formaldehyde.

14. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Plaintiff constructively exhausted its

administrative remedies when the EPA failed to produce a response on September 24, 2018, and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

15. Defendant's own regulations state that "If EPA fails to respond to your request within the 20 working day period, or any authorized extension of time, you may seek judicial review to obtain the records without first making an administrative appeal." 40 C.F.R. 2.104.

16. As of the date of this filing, September 25, 2018, it has been 21 "working days" from the time that EPA confirmed it was no longer "tolling" PEER's FOIA request.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

18. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

19. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

20. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

21. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

22. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

23. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

24. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## CAUSE OF ACTION

25. Plaintiff incorporates and restates the allegations of the preceding paragraphs as though fully set forth herein.

26. Defendant's failure to disclose the records requested is a wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the EPA regulations promulgated thereunder, 40 CFR 2.100 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on September 25, 2018,

  /s/  Paula Dinerstein      
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiff*